| DENISE POPE, | § | CIVIL CASE |
| Plaintiff, | § | NO.: |
| VS. | § | _____ |
| GALVESTON COUNTY, CITY OF GALVESTON TEXAS, | § | JURY |
| TEXAS STATE TROOPERS, TEXAS DEPARTMENT OF | § | DEMAND |
| PUBLIC SAFETY, COLONEL DWIGHT MATHIS, STATE | § | |
| TROOPER R. PENA (BADGE #13990), SERGEANT DAVID | § | |
| THOMAS, DOES (1-25) | § | |
| | § | |
| | § | |
| Defendants | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Denise Pope, complaining of Galveston County, City of Galveston Texas, Texas State Troopers, Texas Department of Public Safety, Colonel Dwight Mathis, State Trooper R. Pena (Badge #13990), Sergeant David Thomas, Does (1-25), referred to collectively as Defendants, and for cause of action would show the Court the following:

**I. PARTIES**

1. Plaintiff, Denise Pope (hereinafter referred to as "Plaintiff" or "Pope"), is an individual residing in Galveston, Galveston County, Texas and was a resident of Galveston at the time of the incidents made the basis of this suit.

2.  Defendant, Galveston County

Defendant, City of Galveston, Texas

Defendant, Texas State Troopers

Defendant, Texas Department of Public Safety

Defendant, Colonel Dwight Mathis

Defendant, State Trooper R. Pena (Badge #13990)

Defendant, Sergeant David Thomas

Defendant, Does 1-25

**II. JURISDICTION AND VENUE**

3.  Plaintiff Pope was subjected to intentional infliction of emotional distress in violation of the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346, 2671-8.

4.  Plaintiff Pope was subjected to illegal/unreasonable search and seizure, delay in medical care, and cruel and unusual punishment in violation of her rights guaranteed to him by the Fourth Amendment of the United States Constitution, and applied to States pursuant to the Fourteenth Amendment of the United States Constitution.

5.  42 U.S.C. §1983 and 42 U.S.C. §1988 provide jurisdiction over Plaintiff's constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

6.  Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

7. Venue is proper in the Southern District of Texas, Galveston Division, as this is the district where the claim arose in accordance with 28 U.S.C. § 1391(b).

## III. FACTS

8. On March 1, 2019, Defendants Pena and Thomas, acting in their official capacity as officers of the Texas State Troopers initiated a traffic stop on a vehicle because Plaintiff Pope allegedly was not wearing her seatbelt. The vehicle was being driven my the Plaintiff's husband, Denrick Pope, and the Plaintiff was sitting on the front passenger side. Defendant Thomas approached the driver side and Defendant Pena approached the passenger side. Mr. Pope was asked for his driver license and insurance. Mr. Pope handed Thomas his insurance card and informed the officers that he only had an identification card because his driver license was suspended. While asking for her identification Defendant Pena was bent down and his face was practically inside the passenger window. Pena's face was so close to the Plaintiff's face that she had to actually lean back. Despite the Plaintiff being obviously uncomfortable with how close he was to her Defendant Pena did not move back. The Plaintiff was asked for identification and she handed Pena her driver license. When asked why the Plaintiff was not driving being as she had a license the Plaintiff and her husband informed the officers that the Plaintiff was too sick to drive and there was urgent business that they needed handle. The officers went back to their police vehicle and ran a warrant check on the Plaintiff and Mr. Pope. While the officers were in their vehicle one of them stated that the Plaintiff appeared to be acting nervous. When the officers returned, the Plaintiff and Mr. Pope were asked to exit the vehicle. Defendant Pena asked to search the Plaintiff's sweater and once again the officer had his face uncomfortably close to the Plaintiff's face. Once again the Plaintiff had to lean back and once again Defendant Pena did not move back out of the Plaintiff's personal space. Defendant Thomas asked Mr. Pope to search the car and he gave consent. The Plaintiff repeatedly told her husband that he should not have given consent. The Plaintiff complained that a suspended license and an alleged no seatbelt violation was not a valid enough reason to ask to search the vehicle. The Plaintiff also complained that she was too sick to stand while the the unnecessary search was being executed. The Plaintiff complained that Defendant Pena was so close to her that he could have kissed her in the mouth. Despite the Plaintiff being obviously distraught, the officers ignored the Plaintiff's complaints. Their search was more important. Defendant Pena searched the vehicle. The Plaintiff's purse was on the passenger floorboard of the vehicle. During the search, Defendant Pena unreasonable searched the Plaintiff's purse without consent. During the search, the Plaintiff informed Defendant Thomas needed an ambulance. Defendant Thomas pretended to call an ambulance. When Defendant Pena finished his fruitless search the Plaintiff and Mr. Pope were issued citations. When approaching the Plaintiff to write out the citation the Plaintiff asked if Defendant Pena could stand a reasonable distance away. Defendant Thomas asked did she still need an ambulance and she said yes. Only then did Defendant Thomas actually call an ambulance for the Plaintiff. When the ambulance finally arrived, it was discovered that the Plaintiff's blood pressure was extremely high. Defendant Thomas can be heard on body cam making a joke about what the Plaintiff said in her distress about Defendant Pena being so close to her. The officers can also heard later on body cam discussing who was going to pay for the ambulance.

## III. CAUSE OF ACTION

9. **Section 1983—Generally** Federal law provides: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any laws, privileges or immunities secured through the Constitution and laws, shall be liable to any party in any action at law suit in equality, or other proper proceeding for redress." 42 U.S.C. §1983

10. The Fourth Amendment to the United States Constitution guarantees security from unreasonable search and seizure, including the expectation of privacy. Accordingly, Plaintiff alleges that Defendants subjected her to unreasonable search and seizure, violated her expectation of privacy, detained with reasonable suspicion and/or probable cause, and subjected her to physical harm and emotional harm.

11. As detailed herein, the actions and/or omissions of Defendants invaded Plaintiff's right to be free from violation of his integrity by actions of those charged with upholding the laws of the UnitedStates. At all times, Defendants were state actors performing acts against Plaintiff, as detailed herein, under color of state law, which actions by Defendants constituted violations of Plaintiff's clearly established Fourth Amendment rights.

12. Plaintiff therefore pleads that Defendants' actions, as detailed herein, allows Plaintiff to recover from a state actor for violation of his civil rights. Plaintiff hereby seeks recovery, against Defendants, pursuant to 42 U.S.C. § 1983.

13. In violating of Plaintiff's clearly established Fourth Amendment rights, as detailed herein, Defendants Pena and Thomas acted unreasonably in light of clearly established law. The unlawfulness of Defendants Pena and Thomas behavior would be apparent to a reasonable officer. Plaintiff therefore pleads that Defendants Pena and Thomas were on notice of the unlawfulness of his actions, in light of clearly established law at the time of their acting, and that such actions, perpetrated by Defendants Pena and Thomas in violation of Plaintiff's clearly established Fourth Amendment rights, as detailed herein, evidence plain incompetence and/or intentionality on the part of Defendants Pena and Thomas.

14. **Section 1983— Unreasonable Search and Seizure** Traffic stops are considered seizures within the meaning of the Fourth Amendment of the United States Constitution, which Amendment protects individuals from unreasonable searches and seizures. When viewed in light of the totality of the circumstances of this particular case, the "seizure" conducted by Defendants Pena and Thomas against Plaintiff in the course of the relevant events was clearly unreasonable and

deprived Plaintiff of the protection from such unreasonable seizures guaranteed to her by the Fourth Amendment.

15. **Section 1983— Denial of Medical Care**

Violation of Civil Rights under 42 USC 1983, 4th amendment, 8th amendment, and 14th amendment for denial and delay in medical care because Defendant Thomas refused to call an ambulance for Pope until after the vehicle search was complete. Medical care was denied and delayed because the Defendants Pena and Thomas felt she was "actin suspicious" and faking her illness to prevent the vehicle search. Medical care was also denied and delayed until after the traffic stop was complete so Pope would be billed for the ambulance.

**Section 1983— Cruel and Unusual Punishment**

16. Violation of Civil Rights under 42 USC 1983, 4th amendment, 8th amendment, and 14th amendment for cruel and usual punishment because of the unnecessary mental and physical pain inflicted on Pope by Pena and Thomas. Defendants Pena and Thomas blatantly disregard Pope's health, pain, and suffering because the vehicle search was top priority.

**Federal Tort Claim Act ("FTCA")**

17. Plaintiff Pope was subjected to intentional infliction of emotional distress in violation of the Federal Tort Claim Act because of being denied and delayed medical care, illegal/ unreasonable search and seizure, cruel and unusual punishment, disregard of her person space and denied due process,and for all the reasons stated in all the points above.
18. Defendants Pena and Thomas actions in seizing Plaintiff were unjustified at its inception; they suffered from a clear and objective want of a particularized and objective basis for suspecting legal wrongdoing. Defendants Pena and Thomas ill-advised, ungrounded, and/or maliciously unlawful basis for initiating his unconstitutional seizure of Plaintiff and searching her purse.

19. All causes of action listed above should be incorporated into the allegations concerning violation of Plaintiff's constitutional rights under 42 U.S.C.S. §1983.

**V. DAMAGES**

20. As a result of Defendants' conduct, as detailed herein, Plaintiff Plaintiff Pope has suffered, and will continue to suffer in the future from embarrassment, humiliation, and mental anguish.

21. As a result of Defendants' conduct, as detailed herein, Plaintiff Crawford has suffered, and will continue to suffer in the future from humiliation, embarrassment, and mental anguish.

## VI. EXEMPLARY DAMAGES

22. Defendants' collective acts and/or omissions resulted from that entire want of care which establishes that Defendants' acts or omissions were the result of actual conscious indifference to the rights and welfare of Plaintiff Pope, rather than momentary thoughtlessness, inadvertence,
23. and/or error of judgment.

24. Alternatively, Defendants acted maliciously such that Defendants specifically intended to cause substantial injury to Plaintiff Pope and/or acted with a flagrant disregard for the rights of Pope and with actual awareness that their acts or omissions involved an extreme degree of risk that the acts and omissions would result in the harm claimed by Pope.

25. In conjunction with all of the foregoing, and otherwise intentionally and with deliberate or conscious indifference to the safety and well-being of free citizens, such as Plaintiff, Galveston County, City of Galveston Texas, Texas State Troopers, Texas Department of Public Safety, Colonel Dwight Mathis, State Trooper R. Pena (Badge #13990), Sergeant David Thomas, Does (1-25) adopted or maintained, through its final policymakers, unconstitutional policies and customs and failed to implement constitutional and proper policies and procedures. These actions proximately caused or resulted in the violation of the constitutional rights of Plaintiff Pope, and proximately caused all resulting damages to her.

26. Defendants Pena and Thomas acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff Pope's constitutional rights when he used excessive force in the perpetration of an unlawful stop ("seizure"), detention, arrest, and/or imprisonment of Plaintiff Pope on March 1, 2019. Accordingly, Pope is entitled to a jury instruction regarding exemplary damages.

VII. ATTORNEY FEES

27. Plaintiff Crawford has necessarily

retained the services of attorneys to represent him in this complex and difficult proceeding and cause of action. Plaintiff has retained the undersigned attorneys to represent him, and pursuant to 42 U.S.C. §1988(b), he is entitled to recover his reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court (including any interlocutory appeal), and in the Supreme Court of the

United States, if necessary.

VIII. JURY DEMAND

28. Plaintiff requests that this case be decided by a jury pursuant to Federal Rules of Civil Procedure 38 and 39. Plaintiff has paid the appropriate jury fee.

WHEREFORE, PREMISES CONSIDERED,

Denise Pope respectfully prays that Defendants be cited to appear and answer herein and upon final trial, recover

from and against Defendants jointly and severally for the following:

1. Actual damages in an amount within the minimum jurisdictional limits of the

Court;

2. Prejudgment and post judgment interest at the maximum rates allowed by law;

3. Exemplary damages;

4. Attorney's fees;

5. All costs of suit; and

6. Such other and further relief to which the Court may deem just.

Respectfully submitted,

Denise Pope

1916 Avenue O

Galveston, Texas 77550

(409)599-1273

dforteson@yahoo.com